IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD J. CALLENDER<br>165 M F BOWEN ROAD<br>HUNTINGTOWN, MARYLAND 20639<br><br>　　　　　　　Plaintiff<br>V.<br><br>ERICA CALLENDER<br>12315 SHOAL FOREST LANE<br>FRISCO, TEXAS 75033<br><br>And<br><br>BANK OF THE BAHAMAS<br>SHIRLEY AND CHARLOTTE STREETS<br>NASSAU BAHAMAS<br><br>　　　　　　　Defendants. | Civil Case No.<br>JURY DEMAND |

## VERIFIED COMPLAINT

Plaintiff, Donald J. Callender, by and through undersigned counsel, requests the Court to grant relief on behalf of himself and against defendants, Erica Callender and the Bank of the Bahamas. In support of his request, Plaintiff states as follows:

### THE PARTIES

1. Plaintiff Donald J. Callender is a citizen of Maryland who resides at 165 M F Bowen Road Huntingtown, Maryland 20639. Mr. Callender is the Owner and Managing Partner of both Convergence Management Associates LLC and Convergex Caribbean Limited.

2. Convergence Management Associates (hereinafter CMA) is a business located at 1020 Prince Frederick Boulevard in Prince Frederick Maryland and Convergex

1

Caribbean Limited (hereinafter CCL) is located at St. Andrews Court, Frederick Street Steps Box-N4805 Nassau, Bahamas and is an affiliate of CMA d/b/a as Convergex Caribbean Ltd. Both companies are engaged in providing financial consulting services to individuals, companies and countries throughout the United States and the world.

3. Defendant Erica Callender is a citizen of the state of Texas and at all material times was employed by the plaintiff.

4. Defendant Bank of the Bahamas is a commercial bank whose principal place of business is located in Nassau Bahamas. At all material times, plaintiff maintained bank accounts with the defendant Bank of the Bahamas, and the bank served as his banker for CCL accounts and otherwise was engaged in business with the Plaintiff.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S. C. 1332 (a) (1) this court has original jurisdiction over this action because the plaintiff and defendants are citizens of different states and countries and the amount in controversy exceeds $75,000.

6. At all material times, Plaintiffs Donald J. Callender is a citizen of the state of Maryland. His business Convergence Management Associates is a located in the state of Maryland having a presence and an affiliate located in Nassau Bahamas.

7. Defendant Erica Callender is a citizen of the state of Texas and the Bank of the Bahamas maintains its principal place of business is in Nassau Bahamas. The Bank of the Bahamas does business in this jurisdiction and this action arises out of or relates to defendant the Bank of the Bahamas' sufficient minimum contacts with this forum.

8. Venue is proper because the cause of action arose in Calvert County Maryland in this judicial district.

## FACTS

9. On or about May 27, 2010 defendant Erica Callender contacted defendant Bank of the Bahamas and instructed the Bank of the Bahamas to wire funds from an account owned and maintained by the plaintiff to an account located at the National Bank of Florida. At the time of the requested transfer, plaintiff's affiliate company CCI had maintained business banking accounts with the Bank of the Bahamas and had done so for many years.

10. At the time of the instructed wire transfer, defendant Erica Callender occupied a position of trust with the plaintiff in that she was married to Mr. Callender's son Wade and was employed in the position of office manager/administrative assistant at CMA a company owned by the plaintiff. In this position she kept the books and performed other administrative tasks for the plaintiff and his companies, thereby occupying a position of trust.

11. On the aforementioned date, Ms. Callender instructed Laurie Major, an employee of the bank of the Bahamas, to wire from a CCI account having account number A1122000024 the sum of $29,000 into an account at the City National Bank of Florida in Miami Florida having account number 1001526716. The account at the National Bank of Florida was in the name of the company Island Hotel Company Ltd. USA and was the beneficiary of the requested transfer. At the time of the transfer, Ms. Callender was in debt to the Island Hotel Company.

12. At the time of the requested transfer by the defendant Erica Callender, she did not have the authority to request such a transfer of funds nor did she have signing authority to the CCI account in question.

13. At no time before, during or after the transfer of the funds requested by the defendant Erica Callender did the plaintiff Donald Callender have knowledge, consent to or in any way acquiesce to the transfer of $29,000 into the account of the Island Hotel Company. Accordingly, the transfer was made without the knowledge or consent of the plaintiff and without proper authority.

14. Upon receiving the request from defendant Erica Callender, defendant Bank of the Bahamas made no effort to obtain authority from Mr. Callender, the owner of the account in question, and before effectuating the transfer of funds as instructed by Erica Callender. As per her instructions, the funds were transferred into the account of the Island Hotel Company. As a result of the transfer, defendant's debt to the Island Hotel Company was satisfied to the extent of the $29,000 transferred.

15. On or about April 17, 2012, defendant Erica Callender again contacted the Bank of the Bahamas and gave instructions to Laurie Major of the bank to wire funds from the account owned by the plaintiff and in the name of CCI. In this instance, Ms. Callender instructed the Bank of the Bahamas to wire transfer $125,000 from the CCI account owned by the plaintiff having account number 1122000024 into an account owned by defendant Erica Callender at the Bank of America located at the Bay Ridge Branch in Annapolis Maryland.

16. The funds were ordered to be transferred to an account at the Bank of America in Annapolis having account number 002757176698 and the account was owned by

Erica Vanwagenen which was defendant's maiden name before she married Wade Callender the son of the plaintiff. Erica Callender and Erica Vanwagenen are one and the same person.

17. Before effectuating the transfer, Ms. Major of the Bank of the Bahamas inquired as to whether the requested transfer was authorized by plaintiff Donald Callender the owner of the account. In response, Ms. Callender informed Ms. Major that Mr. Callender was ill, and that he would not be able to provide or give consent to the requested transfer. In fact at the time of the request, plaintiff Callender had just been admitted to a hospital and was being treated for congestive heart failure.

18. Defendant Callender further misrepresented that she was acting at the behest of the plaintiff and was authorized to make the transfer on his behalf. At the time of the requested transfer, defendant Erica Callender had no authority to make, request or initiate such a transfer from the account in question.

19. Defendant Bank of the Bahamas made no further efforts to determine whether the requested transfer was authorized by plaintiff Callender or that Erica Callender was otherwise authorized to make such a transfer on behalf of the plaintiff. The defendant Bank of the Bahamas effectuated the transfer as per the request of Erica Callender and $125,000 was wired into the account of defendant Callender and she was thus the beneficiary of the unauthorized transfer.

20. At no time before, during or after the transfer of funds as described did the plaintiff Donald Callender have knowledge, consent or in any way acquiescence to the transfer of $125,000 into the account of Erica Callender at the Bank of America in Annapolis. Accordingly, the transfer was made without the knowledge or consent of the plaintiff.

21. In total, defendant fraudulently transferred $154,000 from an account owned by the plaintiff and maintained by the defendant Bank of the Bahamas into either an account owned by her or into an account of an entity to whom she was indebted. The actions of the defendant Callender in effectuating the transfers were malicious, deliberate conducted with ill will and intended to injure the plaintiff. At no time did plaintiff know of, authorize or consent to the transfers.

22. On or about January 31, 2015, plaintiff, with the assistance of financial experts, conducted audits of his books, financial and tax records and bank accounts in preparation for the filing of tax returns going back several years. As a result of this review, plaintiff for the first time was advised and learned of the unauthorized transfers of funds made by defendant Erica Callender. Subsequently, plaintiff contacted Erica Callender and advised her of the unauthorized transfers and requested that the money fraudulently obtained be paid back. In response, Defendant Erica Callender refused to do so and has made no efforts nor signaled any intention to return the monies fraudulently obtained.

## COUNT I CONVERSION AND CIVIL THEFT

23. Plaintiff repeats and incorporates by reference paragraphs one through twenty two as if set fully herein.

24. At all material times, plaintiff owned property that being monies contained in a bank account with the defendant Bank of the Bahamas as previously described herein. At no time did the defendant Erica Callender own or have consent to transfer said property/monies to accounts owned by either her or other entities.

25. Defendant Callender intentionally, wrongfully and without consent or authority assumed the right of ownership and exercised control to property belonging to the plaintiff that being monies maintained in account # 1122000024 with the Bank of the Bahamas. In so doing, defendant Callender intentionally and wrongfully exercised dominion and control over plaintiff's property to the exclusion of the ownership rights of the plaintiff.

26. The intentional and wrongful acts of the defendant Callender constitute civil theft and conversion thereby causing plaintiff to sustain damages in the amount of $154,000. Plaintiff has sought and demanded return of the money in question and defendant Callender has refused to return same.

## COUNT II FRAUD

27. Plaintiff repeats the allegations contained in paragraphs one through twenty six as if set forth at length herein.

28. Defendant Callender created a scheme or artifice to obtain monies owned by the plaintiff and maintained in an account with the defendant Bank of the Bahamas and thereby being under the custody and control of a financial institution. Using false and fraudulent pretenses and other fraudulent representations or promises defendant Callender fraudulently misrepresented that she had the authority and/or consent of the plaintiff to make the wire transfers described herein. When doing so, defendant Callender knew that she was making misrepresentations concerning her authority to make the wire transfers and in so doing obtained ownership and control over monies owned by the plaintiff.

29. The actions of the defendant Erica Callender were intentional, malicious, wrongful, deceitful and constitute fraud depriving the plaintiff of his property and further causing him damages in the amount of $154,000 for which he seeks relief.

## COUNT III NEGLIGENCE

30. Plaintiff repeats the allegations contained in paragraphs one through twenty nine as if set forth at length herein.

31. It was the obligation of the defendant the Bank of the Bahamas to have sufficient security procedures in place that were a commercially reasonable method of providing security against unauthorized entries or transfers from accounts held by the bank, such as the account maintained by the plaintiff described herein.

32. Defendant the Bank of the Bahamas had a duty to the plaintiff and others to verify the authenticity of the any instructions concerning the transfer of funds from its accounts. The bank further had a duty to act in good faith and in compliance with the necessary security procedures and adhere to the observance of reasonable commercial standards of fair dealing to insure that all requests for transfers of funds are legitimate. In short, the Bank of the Bahamas has an obligation to determine if payment or requested transfer from a customer account is authorized.

33. Defendant the Bank of the Bahamas breached its duty owed to the plaintiff in that it either did not have sufficient security procedures in place, failed to act in good faith and in compliance with any security procedures that were in place or otherwise failed to ascertain that the requests made by defendant Callender to transfer funds from the plaintiff's account were authorized and consented to.

34. As a proximate cause of the breach by the defendant the Bank of the Bahamas, plaintiff sustained monetary damages for which he seeks relief.

## REQUESTS FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this court enter judgment against the defendants and award the plaintiff

(a) Compensatory damages in the amount of one hundred and fifty four thousand dollars ($154,000);

(b) Punitive damages awarded against defendant Callender in the amount of $462,000;

(c) Awarding the plaintiff the costs of this action together with reasonable attorney's fees and interest as allowed by law;

(d) And granting such other and further relief that the Court deems just, necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury as to all issues raised by this action.

Respectfully submitted,

John E. Carpenter #22377
910 17th Street NW Suite 800
Washington, D.C. 20006
(202) 997-3377

Attorney for the Plaintiff
Donald J. Callender

## VERIFICATION

I solemnly affirm, under the penalties of perjury that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Dated: __12/25/15__                    _____
                                        Plaintiff, Donald J. Callender