UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CONVERGENCE MANAGEMENT
ASSOCIATES, INC. and
CONVERGEX CARIBBEAN LTD.,

    Plaintiffs,

v.

ERICA CALLENDER,

    Defendant.

Civil Action No. TDC-15-4015

## MEMORANDUM OPINION

Plaintiffs Convergence Management Associates, Inc. ("CMA") and Convergex Caribbean Ltd. ("CCL") (collectively, "Plaintiffs") have brought this civil action against Defendant Erica Callender ("Defendant") alleging conversion and fraud. Presently pending before the Court is Defendant's Motion to Dismiss Amended Complaint or Alternatively to Transfer, ECF No. 45. The Motion is fully briefed and ripe for disposition, and no hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

The following facts relevant to the pending Motion are presented in the light most favorable to Plaintiffs, the non-moving parties.[1] CMA is a Maryland corporation with its principal place of business in Prince Frederick, Maryland. CMA is the parent corporation of CCL, a Bahamian corporation with its principal place of business in Nassau, Bahamas. CCL is registered to do business in Maryland and maintains an office at the same Prince Frederick,

---

[1] Additional facts and procedural history can be found in this Court's Memorandum Opinion, ECF No. 40, in which it ruled on Defendant's first Motion to Dismiss.

Maryland address used by CMA. The owner of both Plaintiff companies is Donald Callender, a Maryland resident. CMA, CCL, and Donald Callender are engaged in the business of providing financial consulting services to individuals and companies in Maryland and elsewhere. Defendant, who is the daughter-in-law of Donald Callender, was previously employed as an office manager and administrative assistant at CMA in Maryland.

Plaintiffs claim that, on two separate occasions, Defendant transferred money out of CCL's account at Bank of the Bahamas without their knowledge or consent. First, on or about May 27, 2010, while employed at CMA, Defendant contacted Bank of the Bahamas and instructed it to wire $29,000 from CCL's account to an account at the City National Bank of Florida in Miami, Florida (the "First Transfer"). The account at the City National Bank of Florida was maintained in the name of Island Hotel Company, Ltd., a company to which Defendant owed money. Bank of the Bahamas transferred the funds to Island Hotel Company's bank account per Defendant's instructions. Neither CCL nor Donald Callender had knowledge of or consented to the transfer.

In 2011, Defendant moved from Maryland to Texas, where she presently resides. On April 17, 2012, she contacted Bank of the Bahamas and instructed it to wire $125,000 from CCL's account to a bank account maintained in her own name at a Bank of America branch in Annapolis, Maryland (the "Second Transfer"). Again, Bank of the Bahamas transferred the funds per Defendant's instructions. According to Plaintiffs, at the time of the Second Transfer, Donald Callender had been hospitalized for congestive heart failure, and neither he nor CCL had knowledge of, or consented to, the transfer.

Donald Callender filed a Complaint against Defendant and Bank of the Bahamas on December 31, 2015, alleging fraud and conversion. On May 16, 2016, after Donald Callender

and Bank of the Bahamas had reached a settlement, all claims against Bank of the Bahamas were dismissed with prejudice. On June 30, 2016, after the Court granted a motion to dismiss on the grounds that Donald Callender did not have standing to pursue the case, it granted leave for CCL, as the real party in interest, to be substituted as a plaintiff. On July 13, 2016, Plaintiffs filed an Amended Complaint against Defendant, alleging that Defendant engaged in conversion and civil theft of the money transferred from Bank of the Bahamas to the accounts in Florida and Maryland and fraud arising from the use of "false and fraudulent pretenses" and "fraudulent representations or promises" in order to gain control over the funds. Am. Compl. ¶ 27, ECF No. 42. On July 27, 2016, Defendant filed the instant Motion to Dismiss Amended Complaint or Alternatively to Transfer. Plaintiffs filed an Opposition to the Motion on August 29, 2016. Defendant filed her Reply memorandum of law on September 12, 2016.

## DISCUSSION

In her Motion, Defendant asserts that venue is improper and seeks either dismissal of the case or its transfer to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1406. In the alternative, Defendant seeks transfer to the Eastern District of Texas "in the interest of justice" under 28 U.S.C. § 1404. Defendant claims that the Amended Complaint is "devoid of any compelling, bona fide link to Maryland" because "the only asset allegedly impacted were funds in a Bahamian account owned by 'CCL,' a Bahamian company." Mot. Dismiss at 2, ECF No. 45. According to Defendant, the case should be transferred to the Eastern District of Texas because "key witnesses" reside there, specifically Defendant and Diane Callender, a co-trustee of the Plaintiff companies and the former wife of Donald Callender. *Id.* at 1. Defendant argues that maintaining the case in Maryland would work an "extreme hardship" upon her. *Id.* Plaintiffs argue that venue is proper in Maryland and that transfer is not warranted

because both allegedly fraudulent transfers have a link to Maryland, Donald Callender resides in Maryland, and a plaintiff's choice of forum generally should not be disturbed.

## I. Improper Venue

When no evidentiary hearing is held, to prevail on a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), a plaintiff need make only a *prima facie* showing of venue. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). All well-pleaded allegations in the complaint bearing on the question of venue are taken as true, and the Court views the facts in the light most favorable to the plaintiff. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365-66 (4th Cir. 2012). The court is permitted to consider evidence outside the pleadings. *Id.*

A civil action founded on diversity of citizenship may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred." 28 U.S.C. § 1391(b)(2) (2012); *CIENA Corporation v. Jarrard*, 203 F.3d 312, 318 (4th Cir. 2000). In determining whether events or omissions are sufficiently substantial to support venue under § 1391, a court should review "the entire sequence of events underlying the claim." *Mitrano*, 377 F.3d at 405. It is possible for venue to be proper in more than one judicial district. *Id.* If venue is not proper in the forum district, the court must dismiss the case or, if in the interest of justice, transfer the case to a district in which the case could have been brought. 28 U.S.C. § 1406(a).

In this case, the Court is satisfied that venue is proper in the District of Maryland. Both of the allegedly fraudulent transfers have a substantial connection to Maryland. At the time of the First Transfer in May 2010, Defendant was employed by CMA, a Maryland company, at its office in Prince Frederick, Maryland. According to moving records provided by Defendant, she did not move to Texas until May 2011. The Court therefore reasonably infers that she was

present in Maryland at the time that she contacted CCL to request the wire transfer. As for the Second Transfer in April 2012, even if Defendant had moved to Texas by then and contacted CCL from Texas, the Amended Complaint asserts that the funds were transferred to Defendant's bank account located in Annapolis, Maryland. Neither Defendant's briefs nor her exhibits offer any basis to doubt that Defendant was working for CMA in Maryland at the time of the First Transfer or that the funds from the Second Transfer were sent to Maryland. Thus, Plaintiffs' have made a *prima facie* showing that a "substantial part of the events" giving rise to Plaintiffs' claims took place in Maryland. *See* 28 U.S.C. § 1391; *see also Mitrano*, 377 F.3d at 405-06 (concluding that legal work performed under a contract constituted a "substantial part of the events" giving rise to the breach of contract claim, even though other events and omissions related to the claim occurred in a different district). Accordingly, the Motion to Dismiss under Rule 12(b)(3) is denied.

## II.   Change of Venue

### A.   Legal Standard

Having found that venue is proper under § 1391, the Court analyzes Defendant's request to transfer the case under the change of venue statute, 28 U.S.C. § 1404(a). *See Lafferty v. St. Riel*, 495 F.3d 72, 78 (3d Cir. 2007) (observing that transfer under § 1404(a) is appropriate "when venue is proper and [§ 1406] should be used when venue is improper"). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought[.]" 28 U.S.C. § 1404(a); *see also Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 315 (4th Cir. 1984). To prevail on a motion under § 1404(a), the moving party "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and

witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Const. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002). The Court weighs a number of case-specific factors in making this determination, including: (1) the weight accorded to the plaintiff's choice of forum; (2) witness convenience and access to sources of proof; (3) the convenience of the parties; and (4) the interest of justice. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.* ("*Trustees*"), 791 F.3d 436, 444 (4th Cir. 2015); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Brown v. Stallworth*, 235 F. Supp. 2d 453, 456 (D. Md. 2002).

### B. Plaintiff's Choice of Forum

Turning to the first factor, the plaintiff's choice of forum, the general rule is that the plaintiff's preference is afforded "substantial weight in determining whether transfer is appropriate." *Trustees*, 791 F.3d at 444. However, where the plaintiff is foreign or sues in a forum other than its home forum, that selection may be given less weight. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). The deference accorded to the plaintiff's choice of forum is "proportionate to the relationship between the forum and the cause of action." *Bannister v. Wal-Mart Stores East, L.P.*, 843 F. Supp. 2d 610, 615 (E.D.N.C. 2012) (according lesser weight to the plaintiffs' choice of forum because they were not residents of the forum state and alleged discrimination at their workplace in a different state); *see also Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 237-38 (2d Cir. 2004) (affirming the district court's venue determination based in part on the conclusion that the weight accorded to the plaintiff's choice of forum was "diminished" because the cause of action did not have "significant ties" to that forum).

Defendant argues that Plaintiffs' choice of forum should be afforded little weight because CCL is a Bahamian corporation with no home forum in the United States. She contends that CMA, though a Maryland corporation, has no connection to the alleged fraudulent transfers "other than as a pretext for establishing an improper venue within" the District of Maryland, such that its preference should be disregarded. Mot. Dismiss at 2. The Court agrees that it is not entirely clear from the face of the Amended Complaint why CMA is a plaintiff in this case. Even so, CCL's rationale for choosing a Maryland forum is readily apparent. Although CCL has its principal place of business in the Bahamas, it also maintains an office in Prince Frederick, Maryland. The parent company of CCL, CMA, is a Maryland corporation headquartered in Maryland, and the individual who directly or indirectly owns these companies, Donald Callender, is a resident of Maryland. Finally, as discussed above, both of the alleged transfers bear a connection to Maryland. *See supra* Part I. Thus, although CCL is a foreign corporation, its choice of forum is still deserving of meaningful weight because of its ties to Maryland and the relationship between Maryland and the underlying cause of action. Consequently, the Court concludes that this factor weighs in favor of Plaintiffs.

### C. Convenience to the Parties and Sources of Proof

Defendant argues that transfer to the Eastern District of Texas is warranted because both Defendant and potential witness Diane Callender are residents of Texas, they live only ten miles from the one of the courthouses in the Eastern District of Texas, and they would be substantially burdened by travel to the District of Maryland for litigation of this case. In support of this argument, Defendant submits the Declaration of Diane Callender, in which Diane Callender states that after she separated from Donald Callender, she "relocated to Frisco, Texas, where I have peacefully resided for years," and that "[t]he difficulties for me traveling to Maryland for

this case do not exist here in Texas." *See* Diane Callender Decl. ¶¶ 5, 7, Mot. Dismiss Ex. B, ECF No. 45-2. In her briefs, Defendant further asserts that Diane Callender was forced to borrow money in order to travel to Maryland for prior divorce proceedings, and that travel to Maryland would be similarly difficult for Defendant.

In response, Plaintiffs contend that transfer of venue would "merely shift the balance of convenience from the plaintiff to the defendant." Pls.' Opp'n at 4, ECF No. 50. They rely on the affidavit of Donald Callender, in which he attests that both Plaintiffs maintain offices in Maryland and that he himself lives in Maryland. Donald Callender also asserts that two of Plaintiffs' witnesses reside in or near Maryland: his accountant, Robert Dieterle, who resides in Delaware, and his administrative assistant, Christine Fulginiti, who resides in Maryland. Although Defendant argues that Dieterle has sought to avoid testifying in the Callender divorce proceedings in Maryland state court, that does not establish that he would not be willing to testify on Plaintiffs' behalf in this case. Defendant correctly notes that Plaintiffs have not identified what relevant testimony Dieterle or Fulginiti would provide, and she argues that Fulginiti cannot possibly have relevant testimony because she was hired in October 2012, after the alleged transfers occurred. Because Plaintiffs have not offered any description of their potential testimony, the weight of potential inconvenience to these witnesses in the venue analysis is necessarily limited. Nevertheless, transfer to the Eastern District of Texas would clearly inconvenience Plaintiffs, if only because Donald Callender would have to travel to Texas for the trial. To the extent that there are witnesses or documentary evidence in the Bahamas, there is no greater convenience associated with a trial in Maryland or Texas.

Thus, although Defendant and Diane Callender undoubtedly would face some hardship in traveling to Maryland, transfer to the Eastern District of Texas would simply shift the balance of

inconvenience between the parties and their witnesses, which is not a sufficient basis to grant the Motion. *See, e.g., Collins v. Straight, Inc.*, 748 F.2d 916, 921-22 (4th Cir. 1984) (affirming the denial of a motion to transfer where the location of the plaintiff and several witnesses supported the plaintiff's choice of forum); *Bd. of Trustees, Sheet Metal Workers Nat'l Fund. v. Baylor Heating & Air Cond., Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988) (denying a motion to transfer despite inconvenience for defendant's witnesses because "transfer is inappropriate" where "the result of transfer would serve only to shift the balance of inconvenience"). The fact that the financial hardship to Defendant and Diane Callender in traveling to Maryland may be greater than for Donald Callender, who travels extensively for business to the Bahamas, may tip this factor slightly in favor of Defendant, but it is not enough to be determinative on its own.

### D.   Interests of Justice

Defendant has not identified any other interest that would favor transfer to the Eastern District of Texas. Significantly, there are no identifiable interests that Texas would have in this case. The companies at issue are located in Maryland and the Bahamas, and the bank accounts at issue are located in Maryland and Florida. The only meaningful connection between this case and Texas is the current residence of Defendant and Diane Callender, who did not even reside there when the events in this case began.

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins*, 748 F.2d at 921-22. "[B]efore transfer is warranted, a defendant must demonstrate that the deference due plaintiff's choice of venue is clearly outweighed by other factors." *Bd. of Trustees, Sheet Metal Workers Nat'l Fund*, 702 F. Supp. at 1256. Where the facts of this case are more closely linked to Maryland, and the convenience to parties and witnesses does not convincingly point to the Eastern District of Texas, Defendant has

9

failed to make such a showing. The Court therefore declines to transfer this case to the Eastern District of Texas.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Amended Complaint or Alternatively to Transfer is DENIED. A separate Order shall issue.

Date: November 10, 2016

THEODORE D. CHUANG
United States District Judge